Albert C. Fuller, et al., and Board of Education, Community High School District No. 312, Peoria County, Illinois, Plaintiffs-Appellants, v. Board of Education of the City of Peoria, School Dist. 150, and County Board of School Trustees of Peoria County, Illinois, Defendants-Appellees.

Gen. No. 66–76.

Third District.

May 17, 1967.

Rehearing denied July 17, 1967.

Kellstedt and Young, of Peoria, for appellants.

George R. Kennedy, State's Attorney, and W. McD. Frederick, both of Peoria, for appellees.

CORYN, J.

Prior to November, 1964, Richwoods Community High School District 312 was comprised of territories within the Village of Peoria Heights and adjoining unincorporated territories, where it maintained its only educational facilities. By a referendum held in November, 1964, some part of the foregoing unincorporated area, including that surrounding the school buildings of District 312, where the greater majority of its high school students resided, was annexed to the City of Peoria where Special Charter School District 150 is situated. By statute, any annexation or disconnection of territory to or from a city where such a special charter school exists constitutes, after the expiration of sixty days, an annexation to its special charter school district, unless statutory proceedings to prevent such ipso facto annexation to or disconnection from the special district are commenced and thereafter concluded favorably to petitioners. Ill Rev Stats, c 122, § 7–2.1 (1965). In an effort to prevent such automatic annexation, the Board of Education of School District 312, and certain of its interested residents, some of whom are apparently petitioners here, commenced a proceeding under said § 7–2.1, but while the same was pending, an agreement was reached between Districts 312 and 150 with respect to the issue of school annexation, and the uses and disposition to be made of the facilities of District 312. This agreement called for an order to be entered in the proceeding under § 7–2.1 annexing the disputed school territory of District 312

148

to District 150, and for the annexation of the buildings of District 312 to District 150 as of May 1, 1966, with Districts 150 and 312 to use the District 312 buildings jointly for a certain period. District 150 agreed to pay District 312 its proportion of the operation costs of the disputed school, and it was agreed that the aforementioned school facilities would be deeded to District 150 as of May 1, 1966. This agreement was set to writing under date of May 26, 1965, whereupon pursuant to its terms, District 312 was required to deliver certified copies of its Resolutions, authorizing the foregoing action, including annexation of the site of the school buildings, and authorizing the deed, together with the deed, to First National Bank of Peoria for delivery as of May 1, 1966. Some of the signatories to that agreement on behalf of District 312 are plaintiffs here.

After the foregoing agreement was consummated, an order was entered in the pending proceeding under § 7–2.1, fixing the boundaries of Special Charter School District 150, pursuant to the terms of the agreement of May 26, 1965. Thereafter, on April 26, 1966, the petitioners, who are appellants here, filed a complaint for declaratory judgment and for an injunction against District 150 and the County Board of School Trustees of Peoria County. It is asserted in this complaint that the aforedescribed written agreement of May 26, 1965, between the two school districts is void insofar only as it requires or authorizes the transfer of the school facilities of District 312 to District 150 because it is an ultra vires commitment by the former Board of Education of District 312 and violative of the restrictions imposed on their power by the Constitution of Illinois, which requires an efficient system of free schools, free and equal elections, justice and due process. The prayer of the complaint is that the agreement be declared void, and that an injunction issue restraining defendants from taking any action "looking toward the transfer of title to

149

the property herein described" and "from otherwise interfering with or impeding the use of said premises by the plaintiff." An answer with affirmative defenses was filed to this complaint by District 150. An answer by the County Board of School Trustees states that it is legal titleholder of the disputed school site and requests direction. Plaintiffs filed a reply to the affirmative defenses, setting out new matters to which a verified reply was filed by District 150. This latter pleading set out that pursuant to the Resolution of District 312, the City of Peoria, by municipal ordinance, had annexed the disputed school building site to the city, thereby incorporating the same to District 150 under the provisions of Ill Rev Stats, c 122, § 7–2.1. Thereafter, a motion for summary judgment was filed by defendant District 150, and was allowed by the trial court on June 28, 1966, which order also directed the County Board of School Trustees to convey the disputed site for the use of District 150. Two days later, the County Board of School Trustees made, delivered and recorded their quitclaim deed of the premises to District 150, and plaintiffs, on the same day, filed notice of appeal.

The parties appear to agree that no disputable issue of fact is involved, for it is the prayer of defendants that the order be affirmed, and of plaintiffs that it be reversed, and that they have judgment here. Our inquiry is, accordingly, limited to the issue of whether the trial court correctly adjudged that the agreement of May 26, 1965, between the two school boards, is valid so as to effect or require a transfer of the buildings of District 312 to District 150. We think that issue must be decided affirmatively.

██ In People v. Deatherage, 401 Ill 25, 81 NE2d 581, the Supreme Court stated that property under the use and control of a school district is the property of the state, that it is not owned by the district in the sense of its being vested with rights of dominion, but

150

is entrusted only to its use, care and control, subject to the legislative will. In People ex rel. Dixon v. Community School Dist. No. 3, 2 Ill2d 454, 118 NE2d 241, the Supreme Court further clarified this principle and held that the legislature may provide for taking the school facilities of one district, without notice and without compensation, and vest their use and control in another district, and that such provision violates no constitutional requirement. In that case, the legality of annexation of territory from Consolidated School District No. 4 to the Norris City School District was challenged on the grounds, inter alia, that the only school house of District No. 4 was located on the territory attempted to be annexed, and that the statute under which said annexation was purportedly effected was unconstitutional for failure to provide any compensation to District No. 4 for the taking of its buildings. At 2 Ill2d 454, 465, the court stated:

"Any school district established under enabling legislation is entirely subject to the will of the legislature thereafter. With or without the consent of the inhabitants of a school district, over their protests, even without notice or hearing, the State may take the school facilities in the district, without giving compensation therefor, and vest them in other districts or agencies. The State may hold or manage the facilities directly or indirectly. The area of the district may be contracted or expanded, it may be divided, united in whole or in part with another district, and the district may be abolished. All this at the will of the legislature. The 'property of the school district' is a phrase which is misleading. The district owns no property, all school facilities . . . being in fact and law the property of the State and subject to the legislative will. A school district has no such property right of which it might be deprived in violation of . . . the State Constitution."

The argument made here, that an agreement to deprive a school district of its only building is ultra vires as being a relinquishment of its governmental responsibilities, and violative of the constitutional requirement of an efficient system of free schools, is answered in People ex rel. Dixon v. Community School Dist. No. 3, 2 Ill2d 454, 118 NE2d 241, supra, at 466, where the Supreme Court states:

> "These allegations provide no affirmative defense to a disannexation [or annexation] proceeding under . . . [the statute] . . . for the reason that such alleged facts do not constitute a deprivation of school privileges as to the remaining area [of the District from which the territory was annexed]. The School Code makes ample provision for the fitting of the remaining territory into the school system of the State, either by annexation to another district, by organizing an appropriate new district, or by sending the children of the territory to a school in an existing district, at public expense."

■■ The validity of the annexation by the referendum of November, 1964, of unincorporated portions of District 312 to the City of Peoria, and its special Charter School District 150 must be assumed for the purposes of this appeal since the record demonstrates that this issue has been adjudicated affirmatively, and that that adjudication has not been set aside or reversed. It is not an issue raised by the pleadings in this proceeding, although considerable attention has been given the matter by the parties in their briefs. Considering that annexation by referendum to have been valid, it is apparent that the school building site of District 312 was, on May 26, 1965, situated in unincorporated territory adjacent to the City of Peoria, and that the Board of Education of District 312 was accordingly then empowered by statute to resolve for the annexation of this building site

152

to Peoria under the provisions of Ill Rev Stats, c 24, § 7-1-14 (1965). The fact that the Board of District 312 also provided for a delay in the delivery of its resolution to the City of Peoria, so that it could not be acted upon by the city council until the expiration of the covenants providing for the joint use of the facilities by the two districts until May 1, 1966 (pursuant to Ill Rev Stats, c 122, § 16-2), does not indicate that the resolution was beyond the statutory power of the Board. Moreover, the legislature has provided, in Ill Rev Stats, c 24, § 7-1-14, that where a Board passes a resolution for the annexation of its territory to an adjacent municipality, and the corporate authorities thereafter enact an ordinance providing for its annexation, the property shall be then considered annexed. At Ill Rev Stats, c 122, § 7-2.1 (1965), the legislature has also provided that where any property is annexed to a municipality in which a special charter school exists, as in the case of District 150, then said annexed territory shall be considered annexed to the special charter school district within the annexing municipality. Thus, the legislature has provided a means for the transfer of facilities situated such as those of District 312 were situated, to an adjacent city, and for the transfer of its use and control to any special charter district situated within said city. We, accordingly, are of the opinion that the agreement of May 26, 1965, between Districts 312 and 150, which attempts to effect a transfer of the use of the buildings through the statutory means provided by the legislature is valid. Considering the fact that of the 2,250 pupils who formerly attended school in these buildings, only 500 reside in that portion of District 312 which remains unannexed, and that 1,750 reside in its former areas which are annexed to the City of Peoria, and to District 150, there was reasonable basis for the conclusion of the former Board that the best interests of the most students were served by transferring the facilities for

their use. Such determination, in our judgment, is not fairly characterized as a subterfuge, nor does it involve a relinquishment of the governmental functions of District 312 which remains charged with the responsibility of fitting the territory remaining within its borders into the State school system under the provisions of the School Code.

The judgment of the Circuit Court is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.